BROWN, Respondent, vs. COHN and another, Appellants.

*November 10, 1896—February 2, 1897.*

*Notice of* lis pendens: *Purchase of tax certificates pending suit to annul:* Res adjudicata.·

1. One who purchases a tax certificate while a suit is pending to cancel it, to which his vendor is a party, is bound by the judgment in such suit, though no notice of *lis pendens* was filed. The rule of the common law as to purchasers *pendente lite* governs such a case, and is not abrogated by sec. 3187, R. S., relating to the filing of notices of *lis pendens,* but that statute applies only to the cases provided for therein.
2. The filing of notice of *lis pendens* is not necessary where the subsequent purchaser has actual notice, or when he is not a *bona fide* purchaser. The purchaser of a tax certificate is not protected as a *bona fide* purchaser, but he buys it subject to all its defects and infirmities.

APPEAL from a judgment of the circuit court for Oneida county: S. D. HASTINGS, Jr., Judge. *Affirmed.*

Action of ejectment. The plaintiff claims title to the lands in controversy under a patent from the United States, issued to him in 1873. The defendants claim under a tax deed issued by Lincoln county to one C. J. Winton, November 10, 1883, on the tax of 1879 and sale of 1880. The lands had been bid in at the tax sale for the county, and the certificates of sale were issued to the county. The county sold the certificates to one John Comstock. They were not assigned to him, but were simply delivered, with the name of the county treasurer indorsed without designation of his official character. While Comstock yet owned the certificates in 1881, the plaintiff brought an action in the circuit court for Lincoln county against Lincoln county, its county clerk, John Comstock, and others, to set aside the tax for 1879 on these lands, to cancel the certificates, and to restrain the county and county clerk from issuing tax deeds upon the certificates. A temporary injunction, forbidding the issuing of tax deeds, was issued and served. No written notice of *lis pendens* was filed in the action. In March, 1892, judgment was rendered in that action for the relief asked, in substance, as above stated.

During the pendency of that action, on November 10, 1883, Winton procured the tax deed under which the defendants claim to be issued to him. It was based upon certificates which John Comstock owned at the time of the commencement of the action. The tax deed was at once recorded. The lands were vacant and unoccupied for more than three years after the recording of the tax deed. By sundry mesne conveyances by quitclaim deeds, the tax title has come to the defendants.

The trial court found, as a fact, that the certificates were owned by Comstock at the time of the commencement, and were transferred by him during the pendency, of the action; that the judgment in the case of *Brown v. Lincoln County and others*, annulling the tax and tax certificates on which

Brown vs. Cohn and another.

defendants' tax deeds were based, is binding and conclusive upon all parties claiming thereunder; that the tax deed was void, and would not support the three years' statute of limitations,— and gave judgment for the plaintiff, from which the defendants appeal.

For the appellants there were briefs by *Brown & Pradt* and *H. C. Hetzel,* and oral argument by *Neal Brown.* They contended that R. S. sec. 3187, changes the rule of the common law, so that the mere pendency of a suit in equity does not now affect the alienation of real property. *Newman v. Chapman,* 14 Am. Dec. 766, 775; *Leitch v. Wells,* 48 N. Y. 585; *Hayden v. Bucklin,* 9 Paige, 512; *Smith v. Gale,* 144 U. S. 509, 527; *Richardson v. White,* 18 Cal. 103. A tax certificate is an instrument evidencing an interest in lands, and under R. S. sec. 1140, it may be recorded. *Eaton v. Manitowoc Co.* 44 Wis. 489; *Horn v. Garry,* 49 id. 464; *Lessees of Rice v. White,* 8 Ohio, 216; *Dikeman v. Dikeman,* 11 Paige, 484; *Smith v. Clarke,* 7 Wis. 551; *Smith v. Ludington,* 17 id. 334; *Sherman v. Bemis,* 58 id. 343; Black, Tax Titles, §§ 301, 312. The holders of tax certificates are necessary parties to an action affecting the title to land. *Adams v. Filer,* 7 Wis. 307, 321; *Siegel v. Outagamie Co.* 26 id. 70; *Crites v. Fond du Lac Co.* 67 id. 236; *Hebard v. Ashland Co.* 55 id. 145; *Smith v. Milwaukee,* 18 id. 369; *Ostrander v. Darling,* 127 N. Y. 70.

For the respondent there were separate briefs by *Raymond, Lamoreux & Park* and *Alban & Barnes,* and oral argument by *B. B. Park* and *John Barnes.*

The following opinion was filed November 24, 1896:

NEWMAN, J. The question principally argued on this appeal, and which seems to be decisive of it, is whether defendants' title under the tax deeds is concluded by the judgment in *Brown v. Lincoln County et al.* The claim of the plaintiff is that they are so concluded, while the defendants claim

that they are not concluded by the pendency of the action at the time of the purchase of their predecessor's title, because no notice of *lis pendens* was filed in that action. This, then, is the question: Whether the mere fact of the pendency of the action, without the actual filing of a notice of *lis pendens*, brings the case within the doctrine of *lis pendens*. The object of *lis pendens* is not, primarily, notice, but to hold the subject of the suit, the *res*, within the power of the court, so as to enable it to pronounce judgment upon it. It is deemed that every person is bound to know the law, and to take notice of what is transpiring in the courts, from the time when the process is served and the complaint filed until the final judgment is entered. The purchaser *pendente lite* is deemed to be represented in the litigation by his vendor, and the purchaser is just as much bound by the final judgment rendered as is the party whose right he purchases. 13 Am. & Eng. Ency. of Law, 868 *et seq.; Murphy v. Farwell,* 9 Wis. 102–106. This is, in effect, the law of *lis pendens* as applicable to this case, unless the common-law rules relating to the subject have been abrogated and superseded by the statute (R. S. sec. 3187). But that statute, evidently, was intended to apply to only a part of the cases to which the doctrine of *lis pendens* applies. It has no negative words or repealing clause. It was evidently intended to be supplemental to the common law, and not to repeal it. So, the common law will govern in all cases not covered by the statute. It has been held by this court that the object of that statute is to conclude subsequent *bona fide* purchasers or incumbrancers, *pendente lite*, by a constructive notice. The filing of the notice is not necessary where the subsequent purchaser has actual notice, or where he is not a *bona fide* purchaser. *Coe v. Manseau,* 62 Wis. 81–90; *Wis. Cent. R. Co. v. Wis. River L. Co.* 71 Wis. 94–107. The purchaser of a tax certificate or a tax title is not a *bona fide* purchaser.

He buys under the rule *caveat emptor*. He takes the title subject to its infirmities. He knows that such a title grows out of proceedings hostile to the real owner, by which it is sought to divest him, *in invitum*, of his title, and that such a title is liable to be defeated by whatever irregularities or omissions may be in the proceedings. Cooley, Taxation (2d ed.), 475, 476; *Hixon v. Oneida Co.* 82 Wis. 515–530.

Nor can one be a *bona fide* purchaser of tax certificates who takes them without legal assignment. He does not get legal title to them. It seems clear that the purchasers of these certificates were not such parties as the statute was enacted to protect, but that, on the contrary, they were parties who bought at their peril, who were bound to take notice of the pending action, in which the validity of the certificates and the tax proceedings on which they were based was in the process of adjudication. And the defendants must be held to be bound by that adjudication. The judgment in *Brown v. Lincoln County et al.* swept away all foundation from under the tax deeds, and left them without support in previous proceedings. They were issued entirely without the authority of the law, and in defiance of the power of the court. They are utterly without authority. They are not tax deeds, under the statute, and are utterly incapable of supporting the statute of limitations. The effect of the judgment on this tax title is the same as it would have been if John Comstock had taken the tax deed, instead of Winton. A purchaser from him could get no better title than he had. *Lis pendens* binds both parties and privies. A purchaser *pendente lite* is assumed to have notice of the proceedings, because he is bound to take notice of the proceedings of the courts. If Comstock had taken the deed, no defense of the statute of limitations would have been available by him; for the action was already commenced and pending, in which his tax title and the previous proceedings

were annulled.    The defendants are in no better predica-
ment.

*By the Court.*— The judgment of the circuit court is af-
firmed.

A motion for a rehearing was denied February 2, 1897.