**ECOLAB, INC., Appellant,**

v.

**James MORISETTE; Cornhusker Fumigation, Inc.; and Ed Pullen, Appellees.**

No. 88–2393.

United States Court of Appeals, Eighth Circuit.

Submitted May 8, 1989.

Decided July 7, 1989.

Warren S. Zweiback, Omaha, Neb., for appellant.

Richard S. Reiser, Omaha, Neb., for appellees.

Before ARNOLD, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Ecolab, Inc. (Ecolab) appeals from the district court's order denying its motion for a preliminary injunction and dismissing its complaint. We affirm in part and remand for further proceedings.

James Morisette and Ed Pullen worked as managers for Ecolab's pest control service. A covenant in their employment contracts prohibited them from competing against Ecolab after ending this employment. In 1988, Morisette and Pullen quit working for Ecolab and formed a competing business.

Ecolab then brought this action to enforce the covenant against competition. Ecolab also sought relief based on misappropriation of trade secrets, misuse of confidential information, unfair competition, and tortious interference with contractual relations. After a hearing on Ecolab's motion for a preliminary injunction, the district court concluded the covenant was unenforceable under applicable Nebraska law and denied injunctive relief on this basis. The district court then dismissed Ecolab's complaint without addressing the remaining claims.

On appeal, Ecolab first argues the district court committed error in concluding the covenant is unenforceable under Nebraska law. We disagree.

The district court read the covenant as prohibiting Morisette and Pullen from competing for all Ecolab customers and former customers, including those Morisette and Pullen had not previously

worked for or even met. We believe the district court reasonably concluded Nebraska courts would not enforce this overbroad covenant. *See Polly v. Ray D. Hilderman & Co.*, 225 Neb. 662, 407 N.W.2d 751, 755–56 (1987); *Boisen v. Petersen Flying Serv., Inc.*, 222 Neb. 239, 383 N.W.2d 29, 34–35 (1986). Because many variables are involved, we also believe the district court acted properly under Nebraska law in refraining from modifying the covenant in an effort to make it reasonable. *See Philip G. Johnson & Co. v. Salmen*, 211 Neb. 123, 317 N.W.2d 900, 904–05 (1982). Thus, we conclude the district court reasonably interpreted and applied Nebraska law on this issue. *See Welbern v. Hunt*, 874 F.2d 532, 534 (8th Cir.1989).

▮ Ecolab also contends the district court should not have dismissed the entire complaint in connection with its denial of the preliminary injunction. We agree. A district court normally should not consolidate a hearing on a preliminary injunction with a trial on the merits unless the court gives the parties clear notice of its intent to do so. *University of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981); *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1358 (8th Cir.), *cert. denied*, 444 U.S. 838, 100 S.Ct. 76, 62 L.Ed.2d 50 (1979); *see also* Fed.R.Civ.P. 65(a)(2). In this case, however, because the covenant against competition is unenforceable as a matter of law, the district court committed no error in dismissing Ecolab's claim based on the covenant. *See Meredith*, 596 F.2d at 1358. We thus affirm its ruling to this extent.

▮ Ecolab's remaining claims are not based on the covenant. Ecolab is entitled to have these claims considered in a proceeding independent from the preliminary injunction hearing. *See Woe v. Cuomo*, 801 F.2d 627, 629–30 (2d Cir.1986); *Paris v. United States Dep't of HUD*, 713 F.2d 1341, 1345–47 (7th Cir.1983). Accordingly, we remand these claims for further proceedings.