**Sherrill K. DUNCAN and Dora Mae Duncan, Plaintiffs–Appellants,**

v.

**FARM CREDIT BANK OF ST. LOUIS, Defendant–Appellee.**

**No. 90–2056.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 7, 1991.

Decided Aug. 22, 1991.

R. Edward Veltman, Jr., Marvin G. Miller, David M. Foreman (argued), Crain, Cooksey & Veltman, Centralia, Ill., for plaintiffs-appellants.

Steven M. Wallace, Carr, Korein, Tillery, Kunin, Montroy, Glass & Bogard, East St. Louis, Ill., Mark G. Arnold (argued), Husch, Eppenberger, Donohue, Cornfeld & Jenkins, St. Louis, Mo., for defendant-appellee.

Before FLAUM, RIPPLE and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

Sherrill and Dora Duncan instituted this action against the Farm Credit Bank of St. Louis (the Bank), seeking to enforce a provision of the Agricultural Credit Act of 1987 that grants a right of first refusal to repurchase foreclosed property. The district court dismissed the suit. The Duncans did not seek a stay of judgment, and the Bank sold the disputed property to a third party. The Duncans appeal the dismissal of their suit. For the following reasons, we conclude that this case is moot.

# I

## BACKGROUND

The Duncans executed a promissory note in favor of the Bank for a loan secured by their farmland. In March 1987, the Duncans defaulted on the loan, and shortly thereafter the Bank instituted foreclosure proceedings. In 1989, the Bank elected to sell the property. As required by the Agricultural Credit Act of 1987 (ACA), the Bank offered the Duncans an opportunity to repurchase the property.[1] On August 22, 1989, the Duncans received a notice of right of first refusal for the property at an appraised value of $100,000. Believing that the appraisal was too high, they made a counter-offer for $70,000 and requested a reappraisal. Approximately three months later, the Bank informed the Duncans that the property was reappraised at $84,000. Shortly thereafter, the Bank entered into negotiations with the Cantrells, a third party interested in purchasing the property for $95,000. The Bank offered the Duncans an opportunity to match the Cantrells' bid. The Duncans advised the Bank that they would purchase the property for $84,000. The Bank refused. On December 22, 1989, the Duncans instituted this action in Illinois state court and also filed a notice of *lis pendens*. The Bank removed the case to federal court. On April 25, 1990, the district court dismissed the case because there was not an implied cause of action in the ACA. The Duncans never sought to stay the judgment of the court, and on July 11, 1990, the Bank and the Cantrells closed the sale on the property. The Bank delivered a warranty deed to the Cantrells, who in turn properly recorded it.

# II

## ANALYSIS

Under the case-or-controversy requirement of Article III, a court can decide only cases in which a party has suffered an actual injury that can be redressed by a favorable judicial decision. *See Iron Arrow Honor Society v. Heckler*, 464 U.S. 67,

70, 104 S.Ct. 373, 374, 78 L.Ed.2d 58 (1983). The case-or-controversy requirement is lacking when " 'an event occurs while an appeal is pending that renders it impossible for an appellate court to grant any relief or renders a decision unnecessary.' " In such a case " 'the appeal will be dismissed as moot.' " *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1264 (7th Cir.1986) (quoting *Fink v. Continental Foundry & Mach. Co.*, 240 F.2d 369, 374 (7th Cir. 1957)).

The Bank argues that this case is moot because it transferred the property to the Cantrells after the district court dismissed the Duncans' complaint and because the Duncans did not seek a stay of the district court's judgment. The Duncans counter that the case is not moot because they filed a *lis pendens*, providing constructive notice of the disputed nature of the property to the Cantrells. Moreover, they allege that the Cantrells had actual notice of the dispute over the property. Thus, this case requires us to determine whether the transfer of the property from the Bank to the Cantrells prevents us from granting relief to the Duncans or at least returning the parties to the status quo. The answer to this query turns largely on the operation and scope of the *lis pendens* filed in this case.

State law governs the creation and cancellation of *lis pendens* in both federal and state courts. *See In re Texas Extrusion Corp.*, 844 F.2d 1142, 1153 (5th Cir.), *cert. denied*, 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988); *Hamilton v. Smith*, 808 F.2d 36, 37 (10th Cir.1986); *Knodle v. Jeffrey*, 189 Ill.App.3d 877, 137 Ill.Dec. 256, 260, 545 N.E.2d 1017, 1021 (1989). Illinois law leaves no doubt that the *lis pendens* provided constructive notice to the Cantrells. *Lis pendens* provides "constructive notice to every person subsequently acquiring an interest in ... the property affected thereby." Ill.Rev.Stat. ch. 110, para. 2–1901. However, the Cantrells purchased the property after the court dismissed the case. In Illinois, a *lis pendens* terminates upon a final judgment

---

1. *See* 12 U.S.C. § 2219a.

or decree. *See Town of Libertyville v. Moran*, 179 Ill.App.3d 880, 128 Ill.Dec. 868, 535 N.E.2d 82, *review denied*, 127 Ill.2d 619, 136 Ill.Dec. 609, 545 N.E.2d 133 (1989); *Eich v. Czervonko*, 330 Ill. 455, 161 N.E. 864, 866 (1928); *see also* Illinois Law & Practice, Lis Pendens, § 8 at 541 ("The operation of lis pendens ordinarily is held to continue to and until final judgment or decree."). Upon a final judgment or decree, a party must seek a stay of judgment pending appeal to protect its interest in the underlying property.[2] For example, in *Moran* the plaintiff-Town sought certain property by condemnation. A jury returned an award of just compensation. Instead of paying the award or seeking a stay of judgment, the Town appealed. During the pendency of the appeal, the defendant sold the disputed property to a third party. *See* 128 Ill.Dec. at 869–870, 535 N.E.2d at 83–84. The court rejected the Town's argument that its rights in the property were protected during the pendency of the appeal because it had filed a *lis pendens* at the time it filed its condemnation action. *Id.*, 128 Ill.Dec. at 870, 535

N.E.2d at 84. Instead, the court held that the only way the plaintiff could have protected its interest on appeal was to have obtained a stay of judgment as provided in Illinois Supreme Court Rule 305. "Supreme Court Rule 305 provides the exclusive means by which an appellant may protect its interest in property pending appeal...." *Id.*, 128 Ill.Dec. at 871, 535 N.E.2d at 85. The court concluded that the sale mooted the appeal:

> There is no doubt in this case that plaintiff sought title to the subject property by way of condemnation. Defendants, however, conveyed that title to a third-party purchaser during the pendency of this appeal.... Plaintiff offered no evidence to rebut the status of the third-party purchasers.... [T]he title in the subject property was conveyed to neither a party nor a nominee of a party to the litigation and, therefore, absent a stay under Rule 305, this appeal is moot.

*Id.*, 128 Ill.Dec. at 872, 535 N.E.2d at 86.[3] The Cantrells are neither a party to this suit nor a nominee of the Bank.[4]

---

**2.** *See generally* Illinois Law & Practice, Lis Pendens, § 8 at 542 (When a final judgment or decree is entered concerning property upon which a *lis pendens* had been filed, "innocent persons purchasing the property involved in the action in reliance on the decree, before an appeal, are protected against all errors therein ... notwithstanding the decree is subsequently reversed or set aside.") (citing cases) (footnotes omitted).

**3.** This court also has determined that, if a court lacks jurisdiction over the party who purchased the property, the case is moot because the court lacks the power to "undo" the sale or return the parties to the status quo. *See, e.g., Paris v. United States Department of Housing & Urban Development*, 713 F.2d 1341, 1344 (7th Cir. 1983); *Bastian v. Lakefront Realty Corp.*, 581 F.2d 685, 691 (7th Cir.1978).

**4.** Unlike the plaintiff in *Moran*, the Duncans do challenge the status of the third-party purchaser. They argue that, even if Illinois law terminated the *lis pendens* when the district court rendered its judgment, the Cantrells had *actual* notice and therefore cannot claim protected third-party status. This contention is based on events occurring on November 7, 1989: the Cantrells offered $95,000 for the farm; on the same day, the Bank sent a notice to the Duncans apprising them of their right to match the offer. . The Duncans *presume* that the Cantrells had to

have been informed of the Duncans' right to match the offer. Hence, they had actual knowledge. We note that, as a factual matter, it is impossible on this record to determine whether the Cantrells had actual notice. Moreover, arguably, once the Duncans failed to exercise their right to match the offer, the Cantrells were no longer on notice of a pending interest and could rely on the district court's dismissal of the case when they purchased the property. *See supra* note 2. Nevertheless, assuming *arguendo* that the Cantrells did have actual notice of the disputed nature of the property, the Duncans argument is not persuasive. The Duncans rely on *Paris v. United States Department of Housing & Urban Development*, 713 F.2d 1341 (7th Cir. 1983), to support their actual-knowledge argument. In *Paris*, the property was transferred to a third party (a partnership), which arguably had actual notice of the disputed nature of the property. *Id.* at 1344. The court reasoned that the case was not moot "if the court still has jurisdiction over the parties who control the property." *Id.* The court did. A general partner of the third-party partnership was a party before the court and had sold the property to the partnership. *Id.* Therefore, the court's jurisdiction did not rest solely on the purchaser's actual knowledge of the disputed nature of the property; rather, the court could fashion a remedy because the purchaser was subject to the court's jurisdiction via one of its partners. The

■ The vehicle in federal court for obtaining such a stay is Federal Rule of Civil Procedure 62(c), which provides, "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal...." Fed.R.Civ.P. 62(c).[5] Unless Rule 62(c) is invoked, a final judgment in an action for injunction is not stayed during the pendency of an appeal. *See* Fed.R. Civ.P. 62(a). An appellant may elect to forego Rule 62 protection, but does so at his or her own peril. "'[A] party who chooses to appeal but who fails to obtain a stay or injunction pending appeal, risks losing its ability to realize the benefits of the successful appeal.'" *In re Combined Metals Reduction Co.*, 557 F.2d 179, 188 (9th Cir.1977) (quoting *In re Lewis Jones, Inc.*, 369 F.Supp. 111, 115–16 (E.D.Pa.1973)).

■ Such was the case in *Fink v. Continental Foundry & Machine Company*, 240 F.2d 369 (7th Cir.1957). In *Fink*, minority stockholders sought to enjoin the sale and liquidation of the corporation. A third party had tendered an offer that the corporation's officers had accepted. *Id.* at 370. The district court denied the plaintiffs' injunction and dismissed the case. The plaintiffs appealed, but did not seek a stay of the judgment. The corporation was sold during the pendency of the appeal, and the court determined that the sale rendered the case moot. The court noted that the plaintiffs knew at the time their suit was dismissed that the corporation contractually was obligated to sell and transfer its assets to the third party, yet they did nothing to maintain the status quo by seeking a stay or temporary injunction. *Id.* at 373. "When [the third party] thus received title and possession on that day the assets passed from the jurisdiction of the court and beyond the reach of its equitable powers." The court noted the general law of this circuit that, if events subsequent to the filing of an appeal render the court incapable of granting relief or render a decision unnecessary, the appeal must be dismissed. *Id.* at 374. The *Fink* court rejected the plaintiffs' suggestion that the corporation was at fault when it transferred the assets. "[The corporation] did only that which it had a right to do. It was under a contract to sell its assets to [the third party]...." *Id.* at 375. Instead, the burden was placed on the plaintiffs: "if plaintiffs desired that the status quo be maintained pending appeal means were afforded in proper case by Rule 62...." *Id.* The court dismissed the appeal as moot, concluding, "[t]here appears to be nothing this court can do now to restore the status quo should the appeal be upheld." *Id.*[6]

Like the plaintiffs in *Fink*, after the case had been dismissed, the Duncans knew that

---

present case is distinguishable from *Paris* because the Cantrells are not a party to the present action, nor are they subject to the court's jurisdiction. We find the argument pressed by the Duncans to be controlled by the factually similar case of *Fink v. Continental Foundry & Machine Company*, 240 F.2d 369 (7th Cir.1957), discussed in the text. *Fink* declined to recognize an argument raised by the plaintiffs that, despite their failure to seek a stay pending appeal, the case was not moot when the defendant sold the property after the case had been dismissed because the purchaser "had full knowledge of the injunction suit and the plaintiffs' right of appeal." *Id.* at 372.

5. *Cf.* Ill.Rev.Stat. ch. 110A, para. 305(b) (Illinois Supreme Court rule regarding stay of enforcement of judgments pending appeal).

6. *Accord Heitmuller v. Stokes*, 256 U.S. 359, 361–62, 41 S.Ct. 522, 523–24, 65 L.Ed. 990 (1921) (The defendant challenged a judgment in favor of the plaintiff in a detainer action. While the appeal was pending, the plaintiff sold the property. The Court held that case was moot because "having sold and conveyed the property, a judgment in [plaintiff's] favor will not give him possession of the premises."); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1263–64 (7th Cir.1986) (The defendants challenged the district court's grant of summary judgment on a foreclosure action and its entry of a decree of foreclosure and judgment against them. The defendants appealed, but failed to seek a stay. During the pendency of the appeal, the plaintiff sold the property at a foreclosure sale. The court held that the defendants' appeal was moot because of the rule that "if a district court judgment authorizes the sale of property and the property is sold to a good faith purchaser during the pendency of the appeal because the appellant failed to obtain a stay of the enforcement of the judgment, the sale of the property moots the appeal of the judgment ordering the sale....").

the Bank had an agreement with the Cantrells to sell the property. Yet the Duncans failed to seek a stay of judgment to maintain the status quo pending appeal. Furthermore, like the plaintiffs in both *Moran* and *Fink*, the Duncans had a mechanism under Rule 62 to protect their interests during the course of appeal. Therefore, in light of Illinois law providing for termination of a *lis pendens* upon a court's final judgment, the Duncans' failure to seek a stay of that judgment pending appeal, and the Cantrells' status as a non-party, we cannot grant any relief to the Duncans. Therefore, this case is moot.[7]

## Conclusion

For the foregoing reasons, the case is dismissed for mootness.

DISMISSED FOR MOOTNESS.

---

**7.** The Bank also claims that, regardless of how we determine the mootness issue, the Agricultural Credit Act of 1987 was never intended to set aside a completed sale and it cites the Senate Report and case law for support. This argument addresses the merits of the case, and in light of our decision that the case is moot warrants no discussion.