Daniel P. GAUGERT and Gayle J. Gaugert, Plaintiffs-Appellants,†

v.

Howard E. DUVE and Jeffery J. Hansen, Defendants-Respondents.

Court of Appeals

*No. 98–3004. Oral argument November 11, 1999.—Decided January 26, 2000.*

2000 WI App 34

(Also reported in 607 N.W.2d 310.)

†Petition to review granted.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Raymond E. Krek* and *J. Paul Neumeier, Jr.* of *Krek & Associates, S.C.* of Jefferson. Oral argument was by *Raymond E. Krek*.

On behalf of the defendant-respondent, Jeffery J. Hansen, the cause was submitted on the brief and oral argument of *E. Joseph Kershek* of *Kershek Law Offices* of Milwaukee.

On behalf of the defendant-respondent, Howard E. Duve, the cause was submitted on the brief and oral

argument of *James W. Hammes* of *Cramer, Multhauf & Hammes, LLP* of Waukesha.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1.   ANDERSON, J.   Daniel P. and Gayle J. Gaugert seek to overturn the circuit court's conclusion that they abandoned their right to specific performance of an option to purchase real estate. They are appealing the court's decision that it could not order the third-party purchaser of real estate to convey it to the Gaugerts. We dismiss this appeal because the conveyance to the third party of the real estate, that is the subject of the litigation, makes it impossible to give the Gaugerts the relief they seek.

## BACKGROUND

¶ 2.   This appeal has a long and convoluted history. We described the historical facts in *Gaugert v. Duve*, 217 Wis. 2d 164, 167–70, 579 N.W.2d 746 (Ct. App.) (*Gaugert I*), *review denied*, 219 Wis. 2d 923, 584 N.W.2d 123 (1998), and will not set them forth here. In *Gaugert I*, we reversed the decision of the circuit court declining to enforce a written option from Howard E. Duve to Gaugert regarding the purchase of real estate. *See id.* at 167. We found that there was a valid option giving Gaugert the right of first refusal for the purchase of Duve's real estate.

¶ 3.   The events occurring after Gaugert filed notice of appeal on January 30, 1997, are what draw our attention and will be described in detail. On March 10, 1997, a hearing was conducted on Duve's motion to discharge the lis pendens that was filed when the Gaugerts commenced this action. Duve sought the discharge of the lis pendens so he could complete the sale

192

of the real estate to Jeffery J. Hansen, a sale that had been pending for two years. Duve argued that the Gaugerts could protect their interest by posting a bond and seeking a stay under WIS. STAT. § 808.07 (1997–98).[1] The Gaugerts responded that they were not objecting to an order discharging the lis pendens and they would not ask for a stay preventing Duve from conveying the real estate to Hansen. The Gaugerts' counsel reasoned that the doctrine of lis pendens protected his clients through the appeal process. He argued to the court that if the sale were completed, Hansen would take the real estate at his own peril.

¶ 4. The circuit court mentioned that the Gaugerts' decision not to seek the stay was a strategic decision. The court went on to state that it would have entertained a motion for a stay if one had been filed; but, because the Gaugerts had not filed a motion for a stay before the hearing, the court would not now consider such a motion. The court concluded that the discharge of the lis pendens was "part and parcel" of the judgment deciding that the Gaugerts did not hold an enforceable option and dissolved the lis pendens. The court offered that the Gaugerts could seek a stay in the court of appeals and delayed the discharge of the lis pendens for ten days to permit the Gaugerts to seek a stay.

¶ 5. Within the ten-day window of opportunity the Gaugerts did file a motion seeking a stay of the circuit court's order discharging the lis pendens. On April 4, 1997, we denied the Gaugerts' motion, concluding that they had failed to persuade us that "seeking relief pending appeal in the circuit court is impracti-

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

cal." Gaugerts did not seek other relief in the circuit court under WIS. STAT. RULE 809.12.

¶ 6. After the circuit court discharged the lis pendens, Duve notified Hansen that the title to the real estate had been cleared and the property would be sold to other parties if Hansen did not proceed to complete the sale. The sale was closed on May 23, 1997, when Duve conveyed the real estate to a limited liability company in which Hansen was a part-owner.

¶ 7. Our decision in *Gaugert I* was released on February 25, 1998. On March 16, 1998, the Gaugerts filed a motion with us seeking a temporary injunction to prevent Hansen from developing the real estate. We granted temporary relief because of our concern that the effectiveness of our decision would be implicated if the status quo was changed. Our order granting the Gaugerts relief required them to file the necessary pleadings in the circuit court within twenty days. While this motion was pending, Hansen filed a petition for review in *Gaugert I*, which the supreme court denied on May 18, 1998. The file was remitted to the circuit court on May 21, 1998.

¶ 8. Following our directions on April 2, 1998, the Gaugerts filed a motion in the circuit court seeking a temporary injunction to maintain the status quo by preventing Hansen from altering the character of the real estate. In response, Hansen asked the court to deny the Gaugerts' motion and to determine the appropriate remedy the Gaugerts could seek because the real estate was no longer owned by Duve. A hearing was conducted on the motions on April 23, 1998, and the court issued a temporary injunction prohibiting Hansen and Duve from taking steps to develop the real estate.

¶ 9. On June 2, 1998, the Gaugerts filed a motion seeking to enforce the mandate in *Gaugert I* by the issuance of an order for specific performance. In the motion they also sought to implead Hansen's limited liability company as a party-defendant and an order compelling Hansen to respond to discovery demands. Hansen countered with a motion seeking an order requiring the Gaugerts to post a bond as security for the temporary injunction and an order "determining the appropriate remedy for the plaintiffs [Gaugerts] as a result of the sale of the real estate from the defendant, Duve, to the defendant, Hansen." A hearing was conducted on September 9, 1998, before the Honorable Kathryn W. Foster.[2] Judge Foster denied the Gaugerts' motion requesting specific performance of the original right of first refusal and dissolved the temporary injunction that had been granted against Duve and Hansen. Judge Foster reasoned that although the Gaugerts originally sought either specific performance by Duve or damages for breach of contract, their failure to seek a stay of the judgment and order dissolving the lis pendens was an election to forego specific performance and pursue damages for breach of contract. Judge Foster dismissed all other motions pending before her on the grounds that they were moot. The Gaugerts filed a notice of appeal from Judge Foster's order on October 19, 1998.

¶ 10. On December 18, 1998, the Gaugerts filed a petition for a writ of mandamus to compel Judge Foster to enter a judgment granting specific performance by

---

[2] After the record was remanded to the circuit court, the Gaugerts sought the substitution of Judge Robert G. Mawdsley under WIS. STAT. § 801.58(7). Hansen then sought the substitution of the newly assigned Judge Marianne E. Becker. Judge Kathryn W. Foster was eventually assigned to preside.

Duve in compliance with our mandate in *Gaugert I*. We issued a writ of mandamus on January 28, 1999, directing Judge Foster to "enter judgment granting the Gaugerts specific performance of the right of first refusal option contract by conveyance of the property." *State ex rel. Gaugert v. Circuit Court for Waukesha County*, No. 98–3595–W, unpublished order (Wis. Ct. App. Jan. 28, 1999) (*Gaugert II*). We reasoned that our decision and mandate in *Gaugert I* did not require any further findings and that after remand all the circuit court could do was to grant the Gaugerts the specific performance they sought.[3]

¶ 11.   The Gaugerts filed a second petition for a writ of mandamus on March 11, 1999, seeking an order to compel Judge Foster to order specific performance by requiring conveyance of the property from Duve, Hansen and Hansen's limited liability company to them. We denied the petition, concluding that the order in *Gaugert II* was "limited to the circuit court's obligation to comply with the mandate" to order Duve to specifically perform by conveying the property to the Gaugerts. *See State ex rel. Gaugert v. Circuit Court for Waukesha County*, No. 99–0645–W, unpublished order (Wis. Ct. App. Mar. 16, 1999) (*Gaugert III*).

¶ 12.   In this appeal, the Gaugerts argue that the circuit court erred, as a matter of law, when it concluded that they abandoned the remedy of specific performance because they failed to seek a stay of the order dissolving the lis pendens. They also fault the circuit court for failing to order Duve, Hansen and

---

[3] We acknowledged that we had been made aware of the lifting of the lis pendens and the subsequent sale of the property but declined to consider those events because they were outside of the record.

Hansen's limited liability company to convey the real estate to them.

¶ 13.    We are not comfortable with the issues as framed by the Gaugerts.[4] The dispositive issue on appeal requires a determination of what relief is available to the Gaugerts now that Duve no longer has title to the real estate. This appeal requires us to determine whether the Gaugerts' failure to seek relief from the circuit court's order dissolving the statutory lis pendens prevents us from granting them relief because Duve no longer holds title to the real estate.

## STANDARD OF REVIEW

¶ 14.    The resolution of this appeal requires the interpretation and application of the common-law doctrine of lis pendens, the statutory lis pendens scheme and the appellate rules governing the effect of judgments during an appeal. This presents questions of law that we review de novo. *See State v. Hansford*, 219 Wis. 2d 226, 246, 580 N.W.2d 171 (1998).

## ANALYSIS

¶ 15.    Lis pendens is the general rule that during the pendency of an equity suit, neither party may

---

[4] The notice of oral argument requested the parties to address two issues:

(1)   What is the historic legislative purpose of the lis pendens statute? Does the statute apply only to those who are unaware of a possible cloud on the title or does it also apply to those who have actual notice of a possible cloud on the title? (2) Should the failure to seek a stay of the order lifting the lis pendens or other temporary relief be visited upon [the Gaugerts] in the form of waiver or estoppel?

alienate the real estate in dispute so as to affect the rights of the other party. *See Creative Dev. Corp. v. Bond*, 367 A.2d 566, 569 (Md. Ct. Spec. App. 1976). However, the general rule does not help a party who has failed to act to protect his or her rights in the real estate. *See Ristow v. Threadneedle Ins. Co.*, 220 Wis. 2d 644, 654, 583 N.W.2d 452 (Ct. App.), *review denied*, 221 Wis. 2d 654, 588 N.W.2d 631 (1998). "[E]quity aids the vigilant, not those who sleep on their rights." *Kenosha County v. Town of Paris*, 148 Wis. 2d 175, 188, 434 N.W.2d 801 (Ct. App. 1988).

¶ 16.  From the day they initiated this lawsuit, the Gaugerts knew that Duve had an agreement to sell the real estate to Hansen, and as a result, they named Hansen as a defendant because of the pending sale. After commencing the first appeal, the Gaugerts were immediately put on notice that Duve intended to consummate the sale to Hansen when he filed a motion seeking the discharge of the statutory lis pendens under WIS. STAT. § 840.10(3).[5] Even though counsel for Duve argued that the Gaugerts should post a bond and seek a stay of the judgment and the circuit court offered them a grace period in which to seek a stay, the Gaugerts insisted that a stay was not necessary because the common-law doctrine of lis pendens protected their interests.

¶ 17.  In Wisconsin, the rules of appellate practice and procedure govern all appeals unless a specific provision dictating a different procedure exists. *See* WIS. STAT. § 801.01(1). WISCONSIN STAT. § 808.07(1) provides that "[a]n appeal does not stay the execution or enforce-

_____

[5] In pertinent part WIS. STAT. § 840.10(3) provides, "The lis pendens may be discharged upon the condition and in the manner provided by s. 811.22 for discharging an attachment or by s. 806.19(1)(a) for satisfying a judgment."

ment of the judgment or order appealed from except as provided in this section or as otherwise expressly provided by law." There are no different appellate procedures if a lis pendens notice was filed in the underlying action. Similarly, there are no specific provisions governing the protection of a party's interest in real estate during an appeal; therefore, unless a party seeks relief pending appeal, he or she faces the very real possibility that the subject of the litigation—the real estate—will be disposed of before the appeal is completed.

¶ 18.   The Gaugerts did make an effort under WIS. STAT. RULE 809.12 to seek relief pending appeal by filing a motion with this court within ten days of the discharge of the lis pendens notice. We denied their motion because they failed to show it was impractical for them to seek relief in the trial court; under WIS. STAT. § 808.07(1), the judgment was enforceable during this appeal. *See Chase Lumber and Fuel Co. v. Chase*, 228 Wis. 2d 179, 203, 596 N.W.2d 840 (Ct. App. 1999).

¶ 19.   Requiring the Gaugerts to seek relief pending appeal does not do an injustice to the doctrine of lis pendens. Other jurisdictions have required parties to seek relief pending appeal without worrying that the doctrine of lis pendens is being rendered useless. *Duncan v. Farm Credit Bank*, 940 F.2d 1099 (7th Cir. 1991), is a foreclosure action where the debtor was offered the opportunity to repurchase the property under the same terms offered to a third party.[6] The debtor countered with a lower offer that the bank refused. The debtor started an action to enforce a sup-

---

[6] Because a lis pendens notice is required in any lawsuit affecting real estate, the nature of the underlying lawsuit—foreclosure, specific performance, etc.—cannot be used to distinguish general precepts of the lis pendens doctrine.

posed statutory right of first refusal and filed a lis pendens notice. The lawsuit was heard in federal district court, which dismissed the debtor's action. On appeal, the debtor failed to seek a stay of the judgment and the bank sold the property to the third party. The Seventh Circuit applied Illinois law governing lis pendens and concluded that after a lis pendens is dissolved a "party must seek a stay of judgment pending appeal to protect its interest in the underlying property."[7] *Id.* at 1102.

¶ 20.    More importantly, the Seventh Circuit held the debtor's appeal to be moot because the sale of the property to the third party made it impossible for the court to grant any relief to the debtor. *See id.* at 1100. The federal appellate court reasoned that where the debtor knew the bank was contractually obligated to sell and transfer the real estate to a third party, the debtor was compelled to seek a stay or relief from the judgment in order to maintain the status quo. *See id.* at 1103–04.

---

[7] Under Illinois law, a lis pendens automatically terminates upon a final judgment. *See Duncan v. Farm Credit Bank*, 940 F.2d 1099, 1101–02 (7th Cir. 1991). Although Wisconsin does not have a similar provision, *Duncan* is still instructive because, like Illinois, Wisconsin's lis pendens statute is silent as to the applicability of lis pendens to an appeal. Wisconsin mandates that the rules of appellate procedure govern all appeals; and, in Wisconsin, a judgment is immediately enforceable unless a stay is granted. *See* WIS. STAT. RULE 809.84, § 808.07; *see also Town of Libertyville v. Moran*, 535 N.E.2d 82, 84–85 (Ill. App. Ct. 1989) (determining that under Illinois law to protect its property interests a party must seek a stay of judgment even if a lis pendens notice has been filed). *Duncan* is also helpful because there is no difference between a lis pendens that has been terminated by statutory action and one that has been discharged by judicial action.

¶ 21.    In *Duncan*, the purchaser was not a party in the lawsuit and the court would have been unable to fashion a remedy because it did not have jurisdiction over the purchaser. In this case, the purchaser is a party and the circuit court has jurisdiction to fashion a remedy but that fact does not dictate a different result. Here, the Gaugerts knew from the day this lawsuit was filed that Duve was contractually obligated to sell and transfer the real estate to Hansen. The Gaugerts were aware that the circuit court's judgment in favor of Duve was enforceable unless they sought relief pending appeal. The Gaugerts failed to act to preserve the status quo, electing instead to rely upon the common-law doctrine of lis pendens. A party that deliberately closes its eyes to the obvious cannot expect a court to fashion a remedy the party consciously rejected.

¶ 22.    On two occasions, Illinois appellate courts have reached the same result. In *Town of Libertyville v. Moran*, 535 N.E.2d 82 (Ill. App. Ct. 1989), the property owner sold real estate the town was seeking to condemn while the town's appeal was pending. The property owner sought the dismissal of the appeal on the grounds that it was moot "because the relief being sought on appeal necessarily involves possession or ownership of specific property which has been conveyed to a third party." *Id.* at 84. The Illinois court granted the property owner's motion, reasoning that the existence of a lis pendens notice does not discharge a party's obligation to comply with specific procedures "to be followed by a party to obtain a stay of a judgment and thereby protect its interest in real . . . property pending an appeal." *Id.* In *Horvath v. Loesch*, 410 N.E.2d 154 (Ill. App. Ct. 1980), there was a fight between children and their stepmother over certain land trusts in Cook county. While the action was pend-

ing, the trial court approved the stepmother's petition to convey the property to a third party. The children filed an appeal from the order approving the sale. Although they unsuccessfully sought a stay in the trial court, they did not seek a stay of the order from the appellate court. *See id.* at 155–57. The appellate court dismissed the children's appeal because it "is well established that in the absence of a stay, an appeal is moot if possession or ownership of specific property which is inextricably involved in the relief being sought on appeal has been conveyed to third parties."[8] *Id.* at 157.

¶ 23.  The Gaugerts maintain that the common-law doctrine of lis pendens provides protection even if they did not seek a stay pending the appeal. They reason that under the common law, the real estate remains in the possession of the court so the court can enforce the final judgment. Therefore, until they have exhausted all levels of review, the real estate remains subject to the jurisdiction of the court. According to their argument, a purchaser of the real estate, who has actual knowledge of active litigation involving the real estate, takes title at his or her own peril. Given that

---

[8] In both *Town of Libertyville* and *Horvath v. Loesch*, 410 N.E.2d 154 (Ill. App. Ct. 1980), the third-party purchaser was not a party to the appeal and was not subject to the court's jurisdiction. Hansen being a named party in this case does not dictate a different result because of the Gaugerts' deliberate decision not to seek preservation of the status quo. If the Gaugerts had sought relief pending appeal, the trial court would have had the luxury of being able to fashion relief that prevented Hansen from disturbing the status quo because he was subject to the court's authority. Preventing an alteration of existing conditions is preferable to later untangling changes in an attempt to restore things to the way they were.

Hansen had actual knowledge of the ongoing litigation, the Gaugerts insist that Hansen took title subject to the risk that they would prevail on appeal. They maintain there was no need to seek a stay or relief from the judgment pending appeal because under the common law, the court has the authority to enforce its judgment even if the real estate has been sold to a third party. They conclude that because their right to specific performance was upheld on appeal and Hansen purchased the real estate at his own peril, he can be required to transfer the real estate to them under the common-law doctrine of lis pendens.

¶ 24.  The common-law doctrine of lis pendens is based upon the maxim *pendente lite nihil innovetur,* which means, "[n]othing should be changed during the pendency of an action." *Belleville State Bank v. Steele,* 117 Wis. 2d 563, 571, 345 N.W.2d 405 (1984). Sir Francis Bacon, as Lord Keeper of the Great Seal, promulgated the doctrine in 1618 as one of his ordinances "for the better and more regular administration of justice in the court of chancery." 51 AM. JUR. 2D, *Lis Pendens* § 1 (1970). Generally, the doctrine prohibits the defendant-owner from transferring all or part of his or her interest in the property during the course of the litigation to the detriment of the plaintiff's rights. The prohibition arose by the provision that a third-party purchaser, *lienor pendente lite,* was bound by any judgment as though he or she was a party to the suit. The common-law doctrine did not require notice to the public of the dispute, other than what was in the records of the court. The third-party transferee was charged with constructive notice of the litigation regardless of whether he or she received actual notice.

The object of lis pendens is not, primarily, notice, but to hold the subject of the suit—the res—within the power of the court, so as to enable it to pronounce judgment upon it. It is deemed that every person is bound to know the law, and to take notice of what is transpiring in the courts, from the time when the process is served and the complaint filed until the final judgment is entered. The purchaser pendente lite is deemed to be represented in the litigation by his vendor, and the purchaser is just as much bound by the final judgment rendered as is the party whose right he purchases.

*Brown v. Cohn*, 95 Wis. 90, 92, 69 N.W. 71 (1896).

¶ 25. The reasons underlying the common-law doctrine are grounded in public policy and include:

the efficient administration of justice. If property which was the subject of litigation could be alienated, the court's exercise of jurisdiction would be frustrated and litigants would be forced into an unending series of lawsuits against persons acquiring the property during litigation. To protect courts' jurisdiction and give finality to judgments, the pendente lite purchaser or encumbrancer was bound by the outcome of the litigation.

*Belleville State Bank*, 117 Wis. 2d at 571–72.

¶ 26. Forty-seven states have codified the common-law doctrine.[9] The statutes typically provide that

---

[9] Wisconsin is among those states:

**840.10 Lis pendens; who may file; effect when void; discharge. (1)**(a) In an action where relief is demanded affecting described real property which relief might confirm or change interests in the real property, after the filing of the complaint the plaintiff shall present for filing or recording in the office of the register of deeds of each county where any part thereof is situated, a lis pendens containing the names of the parties, the object of the action and a description of the land in that county affected thereby.

the doctrine will not operate unless the plaintiff files a notice of lis pendens in the land records of the county in which the property is situated. Under a statute, the filing operates as constructive notice to all subsequent purchasers. *See* Janice Gregg Levy, *Lis Pendens and Procedural Due Process: A Closer Look After Connecticut v. Doehr*, 51 MD. L. REV. 1054, 1057 (1992). How the statute affects the common-law doctrine is a mixed bag. In some states the statute abrogates the common law, while in other states it merely restricts the doctrine to cases in which notice was properly filed. *See id.* at 1058. In Wisconsin, "[the statute] was evidently intended to be supplemental to the common law, and not repeal it. So, the common law will govern in all cases not covered by the statute." *Brown*, 95 Wis. at 93.

¶ 27.   There is nothing in the statutes or precedent that instructs that the rule of appellate procedure requiring a party to seek a stay to maintain the status quo is displaced by the doctrine of lis pendens. *See* WIS.

---

In any action if the defendant asks relief on a counterclaim or cross-complaint, which contains a legal description of the real estate and seeks such relief, after the filing of the counterclaim or cross-complaint the defendant shall present for filing or recording a lis pendens. From the time of filing or recording every purchaser or encumbrancer whose conveyance or encumbrance is not recorded or filed shall be deemed a subsequent purchaser or encumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if the purchaser or encumbrancer were a party thereto. In any such action in which a lis pendens has been filed or recorded, if the party who presents for filing or recording the lis pendens fails for one year after the filing or recording thereof to serve and file proof of service of the summons or the counterclaim or cross-complaint on one or more of the adverse parties, the lis pendens shall be void, and upon motion and proof the court may order it discharged. Judgment shall not be entered in favor of the party required to present for filing or recording a lis pendens until 20 days after the lis pendens has been filed or recorded.

STAT. § 808.07(1). We reject the Gaugerts' literal application of the common-law doctrine of lis pendens because it will bring about an unjust and harsh result. The doctrine of lis pendens arises from the notions of common law and equity jurisprudence and is subject to equitable principles. Equity is available to ameliorate harsh or arbitrary results from the literal operation of the doctrine. *See White v. Wensauer*, 702 P.2d 15, 18 (Okla. 1985). This court is not required to protect the Gaugerts because they did not exercise diligence in seeking relief under § 808.07(1). *See Ristow*, 220 Wis. 2d at 654 ("[E]quity and fairness do not require this court to award a party who has sat on its rights.").

¶ 28.   We conclude that in the absence of a stay, the conveyance of the real estate from Duve to Hansen renders this appeal moot. The real estate is inextricably involved in the specific performance the Gaugerts seek, but title is now in a third person. The Gaugerts are not entitled to the benefits of the common-law doctrine of lis pendens that would bind Hansen to the final result of the litigation because they failed to protect their interest in the real estate when they knew Duve was contractually obligated to sell to Hansen. The original judgment was enforceable absent a stay; the Gaugerts did not seek a stay to preserve the status quo; and, it is now impossible for a court to give them specific performance because title is in the name of a third person.

*By the Court.*—Appeal dismissed.