Fred W. RISTOW and Susan M. Ristow, Plaintiffs-Appellants,†

v.

THREADNEEDLE INSURANCE COMPANY, LTD., Crawford and Company Insurance Adjusters, Inc., Lee Pitillo, and Society Insurance f/k/a Threshermen's Mutual Insurance Company, Defendants-Respondents. [Case No. 97–0309]

Fred W. RISTOW and Susan M. Ristow, Plaintiffs-Appellants,

v.

CRAWFORD AND COMPANY INSURANCE ADJUSTERS, INC., and Lee Pitillo, Defendants-Respondents,

THREADNEEDLE INSURANCE COMPANY, LTD., and Society Insurance, f/k/a Threshermen's Mutual Insurance Company, Defendants. [Case No. 97–0678]

Court of Appeals

*Nos. 97–0309, 97–0678. Submitted on briefs May 20, 1998.—Decided June 24, 1998.*

(Also reported in 583 N.W.2d 452.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Leonard W. Schulz* and *Gregory K. Miller* of Big Bend.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Hugh S. Balsam* of *Lord, Bissell & Brook* of Chicago, Illinois, and *Jeffrey A. Schmeckpeper* and *Christine D. Bakeis* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

ANDERSON, J.   Fred W. and Susan M. Ristow (the Ristows) appeal from three separate judgments dismissing their complaints against Threadneedle Insurance Company, Ltd., Crawford and Company Insurance Adjusters, Inc. and Lee Pitillo. On appeal, the Ristows ask us to extend the scope of Wisconsin's tort of bad faith against an insurance company to include actions against insurers by third-party claimants. This claim is foreclosed by the supreme court's decision in *Kranzush v. Badger State Mutual Casualty Co.*, 103 Wis. 2d 56, 307 N.W.2d 256 (1981).

The Ristows also argue that their breach of contract claim is a Wisconsin cause of action for statute of limitation purposes rendering Wisconsin's borrowing statute, § 893.07(1), STATS., inapplicable. Our determination is controlled by the supreme court's recent decision in *Abraham v. General Casualty Co.*, 217 Wis. 2d 294, 576 N.W.2d 46 (1998), wherein the court applied the borrowing statute, § 893.07(1) to contract

actions. As directed by *Abraham*, we conclude that the last significant event giving rise to the Ristows' claim was the alleged breach of the settlement agreement—Threadneedle's failure to tender the check from South Carolina; thus, the Ristows' breach of contract claim was a "foreign cause of action" to which the borrowing statute applies. Under South Carolina's three-year statute of limitations on contract actions, the Ristows' claim expired in 1993, three years before they filed this action. Because the statute of limitations bars this action, we affirm the judgments.[1]

### FACTS AND PROCEDURAL BACKGROUND

On December 20, 1988, Fred Ristow, a truck driver and a Wisconsin resident, was injured while unloading his trailer at a shipping terminal owned and operated by the South Carolina State Ports Authority in Charleston, South Carolina. Threadneedle, the liability insurance carrier for the Ports Authority, was notified and Crawford was retained to handle the Ristows' claims. Crawford assigned Lee Pitillo, an employee who worked out of the South Carolina office, to manage the Ristows' file.

In July 1990, the Ristows and Pitillo agreed to settle the claim for $75,000. However, the Ristows never received a check or the settlement paperwork.

After unsuccessfully pursuing litigation against the Ports Authority in federal district court on May 28, 1996, the Ristows filed this suit for breach of contract and bad faith dealings against Threadneedle, Craw-

---

[1] The Ristows also argued that Pitillo is subject to personal jurisdiction in Wisconsin. However, our conclusion that the breach of contract claim is a foreign cause of action answers the personal jurisdiction claim as well.

ford and Pitillo.[2] Threadneedle filed a motion to dismiss both claims as untimely for failure to state a bad faith claim and for lack of personal jurisdiction. Pitillo also filed a motion to dismiss due to lack of personal jurisdiction. The circuit court granted both motions and in three separate judgments dismissed the Ristows' complaint against Threadneedle, Crawford and Pitillo. The Ristows appeal.[3]

## DISCUSSION

### Bad Faith Claim

The Ristows first argue that the tort of bad faith against an insurance company should be expanded to permit bad faith actions against insurers by third-party claimants who have settled their claims with insurers who subsequently breach the settlement con-

[2] On December 10, 1991, the Ristows sued the Ports Authority in federal district court in South Carolina, claiming the Ports Authority's negligence cause Fred's injuries. The federal district court dismissed their complaint which was affirmed on appeal. *See Ristow v. South Carolina Ports Auth.*, 27 F.3d 84 (4th Cir. 1994). The United States Supreme Court granted the Ristows' certiorari petition and remanded the case to the Fourth Circuit for further consideration. The Fourth Circuit again affirmed the district court's decision. *See Ristow v. South Carolina Ports Auth.*, 58 F.3d 1051 (4th Cir.), *cert. denied*, 116 S. Ct. 514 (1995).

[3] In an unpublished order dated March 20, 1997, this court ordered the consolidation of Case No. 97–0309, *Ristow v. Threadneedle Insurance Co., Ltd.*, and No. 97–0678, *Ristow v. Crawford and Co. Insurance Adjusters, Inc., et al.* Society Insurance, f/k/a Threshermen's Mutual Insurance Co. provided worker's compensation benefits to Fred; it was named as a defendant in No. 97–0309 only and it supports the Ristows' position on appeal.

tract. While recognizing that it would be necessary for this court to expand the tort of bad faith against an insurance company, the Ristows insist that this case is the proper one for extending the scope of this tort.

■

The supreme court has previously answered this argument in *Kranzush*. In *Kranzush*, the supreme court concluded:

> The insurer's duty of good faith and fair dealing arises from the insurance contract and runs to the insured. No such duty can be implied in favor of the claimant from the contract since the claimant is a stranger to the contract and to the fiduciary relationship it signifies. Nor can a claimant reasonably expect there to be such a duty . . . . In the absence of any such duty, the third-party claimant cannot assert a claim for failing to settle his claim, and we therefore decline to recognize such a claim for relief under common law tort principles.

*Kranzush*, 103 Wis. 2d at 73–74, 307 N.W.2d at 265. We are bound to *Kranzush* as it stands and have no authority to modify it. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246, 256 (1997). The Ristows must therefore pursue this argument before the supreme court.

### Breach of Contract Claim

■

The Ristows also contest the applicability of § 893.07, STATS., Wisconsin's borrowing statute. Section 893.07 provides:

**Application of foreign statutes of limitation.**
　　(1)　If an action is brought in this state on a foreign cause of action and the foreign period of

limitation which applies has expired, no action may be maintained in this state.

(2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

We must determine the proper application of the borrowing statute to this contract action. The application of a statute to a particular set of facts is a question of law which we review de novo. *See Abraham*, 217 Wis. 2d at 302, 576 N.W.2d at 50.

The Wisconsin Supreme Court recently decided that § 893.07, STATS., does apply to contract actions. *See Abraham*, 217 Wis. 2d at 302, 576 N.W.2d at 50. The phrase "foreign cause of action" utilized in § 893.07 is defined as "any action where the plaintiff's injury arises outside the forum state." *Abraham*, 217 Wis. 2d at 305, 576 N.W.2d at 51. In the torts context, "the place of injury controls the determination whether a cause of action in tort is 'foreign' for purposes of Wisconsin's borrowing statute." *Id.* at 308, 576 N.W.2d at 52.

In the case of a claim sounding in contract, the Wisconsin Supreme Court adopted the Western District Court of Wisconsin's standard pronounced in *Terranova v. Terranova*, 883 F. Supp. 1273, 1280–81 (W.D. Wis. 1995):

> [T]he [Wisconsin Supreme] court made the logical choice of the "place of injury" as the determinative factor whether a particular tort is a "foreign cause of action" because "[a] tort is not complete till the victim is injured." In the contracts context, *the parallel event is the breach*, the "final significant event that

is essential to the suable claim." [Emphasis added; citations omitted.]

*Abraham*, 217 Wis. 2d at 310–11, 576 N.W.2d at 53. Thus, the Wisconsin Supreme Court concluded that "a claim sounding in contract is a 'foreign cause of action' when the final significant event giving rise to a suable claim occurs outside the state of Wisconsin." *Id.* at 311, 576 N.W.2d at 53–54.

In *Abraham*, the supreme court determined that the alleged breach of contract, which occurred in Wisconsin, was the last significant event giving rise to Abraham's suable claim. *See id.* at 312, 576 N.W.2d at 54. Because Abraham's cause of action was not "foreign" within the meaning of § 893.07, STATS., the supreme court concluded that the borrowing statute did not apply to his claim and that the timeliness of his action was to be determined by Wisconsin's six-year period of actions sounding in contract. *See Abraham*, 217 Wis. 2d at 313, 576 N.W.2d at 54.

Similarly, resolution of the issue in this case turns on a determination of where the final significant event giving rise to the Ristows' suable claim occurred. The Ristows argue that the nonreceipt of the settlement check, which occurred in Wisconsin, was the final significant event. Threadneedle counters that its failure to issue the check from its South Carolina offices constitutes the final significant event.

██

We agree with Threadneedle. As alleged in the Ristows' complaint: "Threadneedle, Crawford and Pitillo, have *breached the oral contract* for the settlement of [the Ristows'] claims *by failing to forward* a check to the [Ristows] for the settlement amount accompanied by the appropriate settlement documentation." (Emphasis added.) Threadneedle's failure to

tender the settlement check, the alleged breach of contract, occurred in South Carolina. Because the alleged breach of contract is the last significant event giving rise to the Ristows' claim, their cause of action is "foreign" within the meaning of § 893.07, STATS., and the borrowing statute applies.

■

Accordingly, the timeliness of the Ristows' action must be determined by South Carolina's three-year period for initiating an action sounding in contract. *See* S.C. CODE ANN. § 15–3–530(1) (Law. Co-op. 1997). The alleged breach of contract by Threadneedle occurred at the latest at the end of 1990. The Ristows subsequently commenced this suit on May 28, 1996, well after the three-year statute of limitations had lapsed. We therefore conclude that the Ristows' contract claim is a "foreign cause of action" that is barred by the South Carolina statute of limitations.

■

We reject the Ristows' remaining contentions that (1) Threadneedle's duty is similar to the delivery responsibility imposed in the commercial goods setting, § 402.319(1)(b), STATS.; (2) "[g]iven the similarity between breach of contract claims and torts involving purely economic injuries . . . the place of economic harm should be afforded weight in adjudicating borrowing statute issues in the contract setting"; (3) principles of equity and fairness favor their position; and (4) a decision in favor of Threadneedle will encourage forum shopping. First, this is a breach of contract case, not a sale involving goods. A contract is a series of mutual promises and a breach is a failure to complete a promise. *See Erickson Oil Prods., Inc. v. State*, 184 Wis. 2d 36, 49–50, 516 N.W.2d 755, 759 (Ct. App. 1994). Here, Threadneedle promised to settle the Ristows' claims

and Threadneedle failed to fulfill that promise. Chapter 402, STATS., applies only to transactions in goods and is inapplicable to this case. *See* § 402.102, STATS.

The Ristows' second contention was flatly rejected by the supreme court in *Abraham*. The *Abraham* court declined to adopt the "place of injury" test or the "center of gravity" test for actions sounding in contract. *See Abraham*, 217 Wis. 2d at 307–09, 576 N.W.2d at 52–53.

Moreover, equity and fairness do not require this court to award a party who has sat on its rights. *See Kenosha County v. Town of Paris*, 148 Wis. 2d 175, 188, 434 N.W.2d 801, 807 (Ct. App. 1988) ("equity aids the vigilant, not those who sleep on their rights"). The Ristows concede that "[i]n December 1990, [they] had a suable claim since a reasonable time for performance had expired." The nonperformance was Threadneedle's failure to tender the check. Nevertheless, the Ristows waited until 1996 to file suit. Equity is simply not in their favor.

As to the Ristows' final contention, we note that the Ristows have engaged in a little forum shopping of their own. As Threadneedle points out in its brief, Fred was injured in 1988; the alleged breach of contract occurred in 1990; South Carolina's two-year tort statute of limitations expired in December 1990; in 1991, the Ristows sued the Ports Authority in federal court, eventually losing in 1995; and only then did the Ristows bring this breach of contract claim in Wisconsin, which has a six-year statute of limitations for breach of contract cases. We agree with Threadneedle that to allow the Ristows' breach of contract claim to go forward, we would simply be rewarding forum shopping, not discouraging it.

*By the Court.*—Judgments affirmed.