In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2203

KENNETH BAKER, *et al.*,

*Plaintiffs-Appellants*,

*v.*

JEAN M. LINDGREN, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:11-cv-04197 — **Harry D. Leinenweber**, *Judge.*

ARGUED DECEMBER 5, 2016 — DECIDED MAY 10, 2017

Before EASTERBROOK and ROVNER, *Circuit Judges*, and
SHADID, *District Judge.*[*]

ROVNER, *Circuit Judge.* Kenneth Baker and several of his
family members sued the City of Chicago, eight named police

---

[*] The Honorable James E. Shadid, of the Central District of Illinois, sitting
by designation.

officers, a number of unknown officers, as well as two private citizens and the company employing them, alleging civil rights violations and state law tort claims. In the end, Baker won a modest recovery from several City defendants on one of the civil rights claims, and from the City defendants and a private defendant on one of the state law tort claims, but the defendants prevailed on all the remaining claims. The district court granted attorneys' fees to Baker, but denied him costs as prevailing party, instead awarding costs to the City for prevailing against two other plaintiffs. Baker appeals the amount of the attorneys' fees awarded and the denial of costs to Baker. Two other plaintiffs appeal the award of costs to the defendants. We affirm in part and vacate and remand in part.

## I.

Because the appeal is directed only at attorneys' fees and costs, we will give an abbreviated version of the facts to provide context. The plaintiffs' claims arose from an attempt by Timothy Ghidotti, an employee of Reliable Recovery Services, Inc., to repossess a Chevy Impala from Juanita Horton, the step-daughter of Kenneth Baker. Baker lived with his wife Barbara, son Camden and minor daughter, A.B., in a home in Chicago. Horton sometimes visited the home but did not reside there. In the middle of a February night in 2010, Ghidotti rang the bell at the Baker house, looking for Horton and the Chevy Impala. Baker told Ghidotti that Horton did not live there and then argued with Ghidotti, telling him to "get the hell off my porch," and to not return to the property. Ghidotti left the porch and called 911 from his truck, falsely telling the dispatcher that a man had threatened him with a gun. Police officers Jean Lindgren and Jesus Vera responded to

the scene, and were later joined by Sergeant Steven Martin. Although Ghidotti first told the officers that he thought he saw a gun in Baker's hand, he soon admitted that he had not seen a gun but had assumed from Baker's demeanor that he had one. The officers eventually entered the home and arrested Baker on a charge of aggravated assault, based on Ghidotti's representation that he felt threatened during the encounter. They did so even though Ghidotti admitted that he had not seen a gun and even though Baker never threatened Ghidotti by word or gesture. The officers also seized from the home a shotgun owned by Baker and later added a charge of possession of a firearm with an expired registration. Baker attended nine court hearings before the two charges were dropped.

Baker, together with his wife and children (who were present in the home during these events), brought a seventeen-count complaint against the City, the police officers, Reliable Recovery and its employees, Ghidotti and Boris Jurkovic. The Bakers alleged Illinois tort claims against the Reliable Recovery defendants including four counts of trespass and one count of intentional infliction of emotional distress. They asserted Fourth and Fourteenth Amendment claims against the police officers, including unconstitutional entry into the home; unconstitutional search of the home; illegal detention in the home; false arrest; failure to investigate; failure to intervene; and conspiracy to violate civil rights. Kenneth Baker asserted Illinois tort claims of malicious prosecution of the aggravated assault charge and malicious prosecution of the weapon registration charge against the City defendants and the Reliable Recovery defendants. Kenneth Baker also asserted supervisory liability against Dennis Walsh, a supervising

officer at the station where Baker was brought after arrest. Finally, all of the Baker plaintiffs alleged supervisory liability against Sergeant Martin and an indemnification count against the City of Chicago for the actions of its employees.

On cross-motions for summary judgment, the district court dismissed two police officers from the suit because they lacked any involvement in the incident. The court denied the defendants' motion for summary judgment on the illegal entry and search claims, the failure to intervene charge, the conspiracy count, and the malicious prosecution claims. The court granted summary judgment in favor of the Reliable Recovery defendants on two of the trespass counts and allowed the other two to proceed to trial. The court also denied Reliable Recovery's motion for summary judgment on the intentional infliction of emotional distress claim. Because it was not a separately cognizable claim, the court dismissed the failure to investigate count. The court granted summary judgment in favor of Kenneth Baker on the false arrest claim, allowing that claim to proceed to trial solely on the question of damages. The court dismissed the unknown officers from the case because the plaintiffs made no effort to identify them through the discovery process and the statute of limitations had expired as to any new defendants.

At trial, the jury awarded Kenneth Baker $25,000 on his false arrest claim and $5,000 on his claim for malicious prosecution of the aggravated assault charge. The jury otherwise found in favor of the defendants on all remaining claims. Baker then moved to recover $450,268 in attorneys' fees from the City defendants and costs from all defendants. The City defendants sought to recover their costs from Barbara and Camden Baker

(but not Baker's minor child, A.B.), and moved to strike Baker's petition for attorneys' fees. The district court denied the City's motion to strike Baker's fee petition but reduced the hourly rate for two of the attorneys who represented Baker, reduced the number of approved hours, and then adjusted the lodestar downward by 50% to reflect Baker's limited success. This resulted in a fee award to Baker in the amount of $164,395. The court denied costs to Baker and granted them in favor of the City against Barbara and Camden Baker, after making minor adjustments to the amount requested. The plaintiffs appeal.

## II.

On appeal, Kenneth Baker contends that the district court should have granted his bill of costs as the prevailing party. He also asserts that the court committed numerous errors in reducing the amount of attorneys' fees awarded. Barbara and Camden Baker argue that the court erred in awarding costs to the defendants.

## A.

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *See also* 28 U.S.C. § 1920 (listing the fees recoverable as "costs"). Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, and we review the court's decision on costs for abuse of discretion. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 666 (7th Cir. 2014); *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006); *Cruz v. Town of Cicero, Ill.*, 275 F.3d 579, 591 (7th Cir. 2001). For the purposes of Rule 54, a party is deemed "prevailing" if it

prevails as to a substantial part of the litigation. *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996). In a case with mixed results, the district court has the discretion to determine whether a party meets that standard. *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999); *Testa*, 89 F.3d at 447; *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 641 (7th Cir. 1991) (noting that we apply a deferential standard of review to the district court's determination of which party prevailed under Rule 54(d) and will not overturn that decision absent an abuse of discretion).

The plaintiffs contend that we should review the district court's decision *de novo* because the court erred on a question of law, namely, the definition of the term "prevailing party." Although it is true that we review *de novo* any legal questions involving the interpretation of the phrase "prevailing party," the court did not err in defining that phrase. *See Republic Tobacco Co. v. North Atlantic Trading Co.*, 481 F.3d 442, 446 (7th Cir. 2007) (noting that we review the district court's interpretation of the phrase "prevailing party" *de novo*). Indeed, the court applied the very definition on which the plaintiffs rely. The district court recognized that it should award costs to a party that prevails on a substantial part of the litigation, and that a party may meet that standard even when the party does not prevail on every claim. *Baker v. Ghidotti*, 2015 WL 1888004, *7 (N. D. Ill. Apr. 24, 2015) (citing *Testa*, 89 F.3d at 447 and *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999)). The district court also correctly noted that, in a case with mixed results, it retains especially broad discretion to award or deny costs. *Baker*, 2015 WL 1888004 at *7 (citing *Gavoni*, 164 F.3d at 1075).

The court then applied that correct definition to the outcome here. The jury was asked to return a verdict on twenty-two claims distributed among four plaintiffs, the court noted. Baker prevailed on two of the six claims that he asserted, recovering a total of $30,000, an award that the district court characterized as "more than nominal, but certainly not substantial." *Baker*, 2015 WL 1888004 at *7 (internal quote marks omitted). The defendants, on the other hand, prevailed on all remaining claims, leading the court to determine that, on balance, the defendants, not the plaintiffs prevailed on a "substantial part" of the litigation. The court therefore denied costs to the plaintiffs. On appeal, the plaintiffs urge this court to find that the $30,000 recovery on two claims was a substantial victory, justifying an award of costs in their favor. But that is simply a request to reweigh discretionary factors and substitute our judgment for that of the district court. There was no abuse of discretion in the district court's decision to deny costs to the plaintiffs.

The plaintiffs also contend that the court erred in awarding costs to the City as the prevailing party. But the court did not abuse its discretion in determining that the City was the prevailing party because Barbara and Camden Baker, the plaintiffs against whom costs were awarded, lost all of their claims against the City. The plaintiffs complain that the City failed to segregate its costs, and because the verdict was split, the City may not recover any costs. However, the plaintiffs did not raise this argument until their motion to reconsider. The district court correctly noted that arguments raised for the first time in a motion to reconsider are waived. *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009). In sum, there was no

abuse of discretion in either the court's refusal to award costs to plaintiffs or its decision to award costs to the City for the claims raised by Barbara and Camden Baker.

**B.**

In an action to enforce a provision of section 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs," 42 U.S.C. § 1988. Our review is limited to whether the district court abused that discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (a district court has discretion in determining the amount of a fee award under section 1988). *See also Cruz*, 275 F.3d at 591 (noting that we review a district court's award or denial of fees under section 1988 using the deferential abuse of discretion standard, unless the decision is challenged on the basis of a mistake of law).

> This standard makes sense for a number of reasons: the district court is more familiar with the work the winning attorneys devoted to the case; review of a fee petition is a highly fact-specific exercise; and the district court has a full appreciation of both the factual and the legal history of the case (including those parts that have dropped out by the time an appeal reaches this court).

*Cruz*, 275 F.3d at 591–92. *See also Hensley*, 461 U.S. at 437 (emphasizing that the district court's discretion is appropriate "in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters"). Kenneth Baker

is the only plaintiff to prevail on any claims and thus the only plaintiff to seek fees. He urges this court to apply *de novo* review to virtually every challenge raised, attempting to reframe discretionary decisions as legal errors. But the district court made no legal error that we can discern. Our review of all of the issues is for abuse of discretion.

Although the district court determined that the defendants were the prevailing parties for the purposes of Rule 54(d)(1), the standard for determining a prevailing party under section 1988 is different. One formulation approved by the Supreme Court is that plaintiffs may be considered prevailing parties for the purpose of awarding attorneys' fees if they succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit. *Hensley*, 461 U.S. at 433. The defendants did not dispute that Baker met this standard when he prevailed on his section 1983 claim for false arrest. The task for the district court, then, was to determine what fee is reasonable, a task the district court here undertook with great care. The "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

In challenging the fee award, Baker asserts that (1) the defendants should be estopped from requesting a lodestar adjustment because they refused to engage in meaningful settlement negotiations; (2) the court erred in reducing the lodestar 50% because the results achieved were excellent; (3) the court committed an arithmetic error by denying fees for 84.4 hours that Baker had already voluntarily discounted for work on the Reliable Recovery claims; (4) the court erred in

subtracting 128.5 hours of work as related solely to claims against Reliable Recovery because much of the work would have been necessary to other claims; (5) defendants should be estopped from objecting to plaintiff's hours because the City did not provide time and work records for its attorneys; (6) defendants should be estopped from challenging the number of plaintiff's attorney hours because the defendants' objections are disorganized, confusing and self-contradictory; (7) the court erred in deducting 9.9 hours as lower level work not worthy of attorneys' fees; (8) the court erred in deducting 4.1 hours as unnecessary; (9) the court erred in deducting 25.1 hours as vague; (10) the court should not have reduced hours for reviewing court orders and conducting settlement discussions; and (11) the court's further reduction of thirty hours was excessive.

The Supreme Court cautioned that a "request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. The plaintiff did little to heed this warning, raising eleven labeled objections and numerous sub-objections to the district court's analysis of the fee petition. Some of the sub-objections are so picayune as to challenge the district court's decision on line items amounting to one- or two-tenths of an hour of attorney time. *See* Brief of Appellants, at 41–42. As is apparent from Baker's extensive list of issues on appeal, the district court made a number of discretionary adjustments to the hours claimed and also halved the lodestar to reflect Baker's limited success. We found no abuse of discretion in the district court's handling of ten of those eleven objections and will not address them separately. *See Hensley*, 461 U.S. at 436 (if a "plaintiff has achieved only partial or limited success, the

product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. … [T]he most critical factor is the degree of success obtained.") We limit our discussion to the only issue raised that has any merit.

Baker contends that the district court committed an arithmetic error when it deducted 84.4 hours of time that was related solely to state law claims against Reliable Recovery when he had already voluntarily deducted these hours. In his fee petition, Baker conceded that section 1988 provides attorneys' fees only for actions to enforce certain federal laws. The successful malicious prosecution claim was based on state tort law and so Baker agreed that he may not recover fees for that work. *See Richardson v. City of Chicago*, 740 F.3d 1099, 1102 (7th Cir. 2014) (section 1988 addresses fees for parties who prevailed on certain federal claims). In light of that limitation, Baker voluntarily deducted 84.2 hours for work performed on the state law claims, which were primarily against the Reliable Recovery defendants. R. 231. In the first three columns of a four-column exhibit to his fee petition, Baker listed the "Date," "Service provided," and "Time expended (in hours)." The fourth column was not labeled but its purpose is apparent from the last page of the exhibit where Baker showed the 84.2 hour total of the fourth column under the title "Hours Attributable Exclusively to Ghidotti and Reliable Recovery Services, Inc." These were the hours that Baker then voluntarily deducted as related solely to state law Reliable

Recovery claims, reducing the total hours claimed from 784.1 to 699.9.

In response to Baker's petition, the City acknowledged Baker's concession that the City should not have to pay for hours attributable to the Reliable Recovery defendants. But the City objected that:

> Plaintiffs' Counsel did not properly account for the full extent of her billable time. Even when calculating billable time up to the date of the summary judgment ruling only, March 28, 2014, Plaintiffs' counsel billed at least 128.5 hours for issues attributed exclusively to Reliable Recovery, Ghidotti and Boris Jurkovich. … As a result, Plaintiffs' hours should be adjusted to reflect the 128.5 hours billed for services attributable to Reliable Recovery.

R. 244, at 8. The first three columns of the City's attached exhibit largely copied the content of the first three columns of Baker's exhibit. On the defendants' version, however, the third column was labeled, "P's Proposed Time expended (in hours)." A fourth column listed the basis for the defendants' objections to certain line items (*e.g.* "clerical," "vague," or "Reliable Recovery def"), and the fifth column listed the defendants' proposed number of compensable hours.

That third column, which purported to list the plaintiff's proposed time expended, did not take into account the line items on which the plaintiff had already discounted time. For example, for an entry on September 30, 2011, the defendants listed .3 hours as the plaintiff's proposed time expended, even

though a review of the plaintiff's chart shows that the plaintiff discounted that time to zero hours by deducting it in the fourth column of his chart. This appears to be the case for nearly every entry where Baker already discounted attorney time due to work on the claims against Reliable Recovery defendants. At the conclusion of the defendants' chart, a summary shows "Total Rel. Rec. Hours up to SJ" as 128.5 hours.

In reply, Baker noted that he had, in good faith, "deducted 84.2 hours spent exclusively on Reliable Recovery defendant claims." R. 245, at 7. Baker also noted:

> Defendants seek to deduct more, without regard for the fact that the Reliable Recovery defendants were important witnesses in this case and had to be dealt with, regardless of whether plaintiff prevailed against them or not. The Reliable Recovery defendants could not simply be excised from the case. … Defendants argue that certain entries are "too vague, particularly given that in some instances it is difficult to decipher whether the entry is attributable to Reliable Recovery Services." … That is precisely the point. The work on this case cannot be easily parsed into time for one set of defendants and time for another set of defendants. The claims were intertwined and the time for all defendants merged. Whenever possible, plaintiff excluded the time, when it was clear that only the Reliable Recovery defendants were involved. However, there are time periods for which this is not possible.

R.245, at 7-8.

The district court, apparently misconstruing the City defendants' objections, assumed that they were proposing to exclude 128.5 **additional** hours related to the Reliable Recovery defendants. The district court erroneously stated that "Defendants argue that the hours billed **still include** 128.5 hours of attorney time attributed exclusively" to Reliable Recovery claims, and that "these entries should have been eliminated **along with the other** 84.2 hours." *Baker*, 2015 WL 1888004, at *4 (emphasis added). The court therefore mistakenly added 128.5 to the 84.2 hours that the plaintiff had already deducted, effectively double-discounting 84.2 hours of work. It did so even though the City had labeled the 128.5 hour figure as a "total" of the hours to be deducted for Reliable Recovery work, not an additional amount. Baker moved to reconsider, pointing out that the district court erroneously added the 84.2 hours already discounted to the 128.5 hours that the defendants proposed, discounting those hours twice. Baker attributed the error, in part, to the defendants misleading the court. After making some corrections to his calculations, Baker asserted that the court should add 77.9 hours back into the lodestar to account for the error.

In an oral ruling from the bench, the district court denied the motion to reconsider and declined to adjust the hours, finding that Baker had waived the claim:

> For the first time, plaintiff argues that defendants misled the Court into twice deducting 77.9 hours from [his attorney's] time. In addition, plaintiff argues that the Court erred

> in deducting time for certain work that would have been performed, quote, "Whether Ghidotti had been a defendant or not." However, plaintiff neglected to raise either of these arguments or supply clarifying documentation at the appropriate juncture on reply. As previously noted, an argument raised for the first time on a motion to reconsider is deemed waived.

R. 266, at 4-5.

On appeal, the parties agree that the district court made a mistake in double-discounting 77.9 hours. But the City contends that we may not review the issue because (1) the district court deemed it waived; (2) the district court did not abuse its discretion in finding the issue waived; and (3) Baker did not address the district court's finding of waiver on appeal, further waiving the issue. We will try to cut quickly through this Russian nesting doll of an argument in reverse order: Baker did address the waiver on appeal by arguing that the court "was not correct" in finding that he had neglected to raise the double-counting issue in his reply. He also argued on appeal that he raised the double counting issue as soon as he could, and that it was not possible to anticipate the court's arithmetic error and raise it sooner in his fee petition reply brief. This was essentially an argument that the district court erred when it found that he had waived the issue. Although he did not use the word "waiver" in making this argument in his brief, he did address the concept of waiver. Baker therefore did not waive the waiver issue.

We turn to the substance of the waiver finding. The City incorrectly contends that we should review the district court's finding of waiver for abuse of discretion, relying on cases from outside the Seventh Circuit that are easily distinguishable. The well-settled law of this Circuit holds that we "review the factual determinations upon which a district court predicates a finding of waiver for clear error and the legal question of whether the conduct amounts to waiver *de novo*." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 599 (7th Cir. 2007). *See also White v. Stanley*, 745 F.3d 237, 239 (7th Cir. 2014) (our review of a district court's finding of waiver is *de novo*); *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir. 2002) ("factual determinations that a district court predicates a finding of waiver upon are reviewed for clear error, while the legal question of whether the conduct amounts to waiver is reviewed *de novo*"). The district court predicated its finding of waiver on its conclusion that Baker did not bring the double-counting to the court's attention in his fee petition reply brief, that he could have presented the issue earlier than the motion to reconsider, and that a claim raised for the first time in a motion to reconsider is waived. But in his fee petition and in his reply brief thereto, Baker clearly argued for a **total** deduction of 84.2 hours, the City argued for a **total** deduction of 128.5 hours, and Baker could not have anticipated that the district court would mistakenly add those totals together instead of understanding that one subsumed the other. The City never referred to its 128.5 hour figure as "additional" hours, and clearly did not intend for the court to construe its objection in that manner.

Neither side could have anticipated that the district court would misinterpret the defendants' response to the fee petition. Baker raised the issue in those terms at his earliest opportunity, in a motion for reconsideration immediately after the court made the unexpected error. The court construed the motion as being brought pursuant to Federal Rule of Civil Procedure 59(e) (a characterization that Baker does not challenge), which allows a party to seek relief for a manifest error of fact or law. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). The district court's misapprehension of the City's calculation certainly qualifies as a manifest error of fact. Because nothing in the fee petition briefing alerted Baker to the potential for the court's misunderstanding, the court erred in concluding that Baker could have raised the issue earlier. Baker had not waived the issue.

The district court's mistaken calculation is understandable. The City's exhibit includes as "plaintiff's proposed time expended" 77.9 hours that the plaintiff had already discounted to zero, unintentionally (we assume) causing the court to believe that these were additional hours attributable to Reliable Recovery claims rather than hours that the plaintiff had already discounted. In replying to the City's brief and exhibits, Baker simply argued that he had already deducted 84.2 hours and that the defendants sought to "deduct more," without quantifying the additional amount and perhaps inadvertently signaling that all of the hours detailed by the City were in addition to the hours already deducted by Baker. The court, for its part, could have compared the charts appended to the parties' respective filings to see whether the defendants' 128.5 hour figure already included the hours discounted by Baker.

In any case, there is no dispute at this point that the court mistakenly double-discounted 77.9 hours of time attributed to Reliable Recovery claims. On remand, those hours should be added back to the lodestar calculation. In all other respects, the judgment is affirmed. The parties shall bear their own costs on appeal.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART.