In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 23-3171

RCBA NUTRACEUTICALS, LLC,

*Plaintiff-Appellant,*

*v.*

PROAMPAC HOLDINGS, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:23-cv-00305-WED — **William E. Duffin**, *Magistrate Judge.*

_____

ARGUED MAY 29, 2024 — DECIDED JULY 26, 2024

_____

Before EASTERBROOK, BRENNAN, and SCUDDER, *Circuit Judges*.

BRENNAN, *Circuit Judge*. RCBA Nutraceuticals, LLC contracted for the manufacture of zipper pouches to hold its protein powder. The pouches were made in Wisconsin by ProAmpac Holdings, Inc., which shipped them to companies in New York and Texas that filled them with RCBA's products. But the pouches turned out to be defective, so RCBA sued. Because RCBA's claims were barred by applicable state

statute of limitations or precluded for other reasons, we affirm the district court's dismissal of RCBA's suit.

**I**

We relay the facts as alleged in the complaint by the plaintiff, RCBA, a Florida nutritional supplements company. RCBA contracted with Western Packaging, Inc., a Texas corporation, for the manufacture of plastic zipper pouches to hold its protein powder. Western had PolyFirst Packaging, Inc., a Wisconsin corporation that operates a manufacturing facility in Wisconsin and shares common ownership with Western, manufacture the pouches. Later ProAmpac, a Delaware corporation, acquired PolyFirst and continued manufacturing RCBA's pouches. ProAmpac used PolyFirst's facilities and equipment in Wisconsin.

Once manufactured in Wisconsin, the pouches were shipped to companies in New York and Texas. Those companies filled orders and shipped products to RCBA's distributors and customers. Shortly after ProAmpac acquired PolyFirst, RCBA learned that the pouches were defective. They began receiving complaints that the seams on the pouches split, and RCBA's protein powder spilled out.

So RCBA sued ProAmpac in federal court in Wisconsin, bringing various contract and tort claims. The contract claims alleged breach of implied warranty of fitness for particular purpose, breach of implied warranty of merchantability, and breach of contract. The tort claims alleged negligence, civil conspiracy, and fraudulent misrepresentations.[1]

---

[1] Before this action, RCBA sued in Florida state court, but that suit was dismissed for lack of personal jurisdiction. *See ProAmpac Holdings, Inc.*

ProAmpac moved to dismiss RCBA's complaint on various grounds. As relevant to the district court's ultimate ruling, ProAmpac argued that all RCBA's claims were time-barred and that the tort claims were precluded by the economic loss doctrine.

The district court granted ProAmpac's motion and dismissed the case with prejudice. The court concluded that all six of RCBA's claims were "foreign" causes of action under Wisconsin's borrowing statute, WIS. STAT. § 893.07. New York's and Texas's statutes of limitations applied to the contract claims because the "final significant event" giving rise to those claims—the failure of the pouches—occurred where the fillers were located, in New York and Texas. The court also found that Florida's statute of limitations applied to the negligence claim. Applying New York's and Texas's limitations period to the contract claims and Florida's limitations period to the negligence claim, the court found those claims time-barred. It was unclear when the remaining civil conspiracy and fraudulent misrepresentation claims accrued, but the court found them precluded by the economic loss doctrine.

Once the district court entered judgment, RCBA moved to reconsider the dismissal of its negligence and contract claims. First, RCBA contended it was a manifest error of law not to apply equitable tolling, equitable estoppel, and/or the savings statutes of the foreign jurisdictions whose statute of limitations were borrowed. Second, RCBA argued that the applicable statute of limitations for the contract claims was Florida's, not New York's or Texas's, so those claims were not time

---

*v. RCBA Nutraceuticals, LLC*, __ So.3d __, __, No. 5D21-2019, 2022 WL 4002175 (Fla. App. 2022).

barred. RCBA raised the equitable arguments for the first time
in the motion to reconsider; it did not make any of these con-
tentions in response to ProAmpac's motion to dismiss the
complaint. The district court denied RCBA's motion to recon-
sider, ruling that RCBA had waived its equitable arguments
and that its other contentions failed on the merits.

## II

RCBA appeals the district court's dismissal of its com-
plaint and the denial of its motion to reconsider. We review
the former de novo, *see Taizhou Yuanda Inv. Grp. Co. v. Z Out-
door Living, LLC*, 44 F.4th 629, 632 (7th Cir. 2022), and the latter
for abuse of discretion, *see O'Brien v. Village of Lincolnshire*, 955
F.3d 616, 628 (7th Cir. 2020).

Subject matter jurisdiction in this case is based on diversity
of citizenship. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64,
78 (1938), state substantive law applies, including the choice-
of-law rules of the forum state. *See Klaxon Co. v. Stentor Elec.
Mfg. Co.*, 313 U.S. 487, 496 (1941). Here, that state is Wisconsin.
"We must apply state law as we believe the highest court of
the state would apply it if the case were now before that tri-
bunal rather than before our court." *Green Plains Trade Grp.,
LLC v. Archer Daniels Midland Co.*, 90 F.4th 919, 927 (7th Cir.
2024) (citing *Bernhardt v. Polygraphic Co. of Am.*, 350 U.S. 198,
203 (1956) and *Todd v. Societe Bic, S.A.*, 21 F.3d 1402, 1405 (7th
Cir. 1994) (en banc)).

## III

### A

RCBA's challenge to the dismissal of its complaint re-
quires us to interpret Wisconsin's borrowing statute. That
statute provides the rule for adopting limitations periods

from other states when the cause of action arose in that other state:

> (1) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.

> (2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

WIS. STAT. § 893.07.

This statute requires application of the shortest limitations period as between Wisconsin and another state whenever a cause of action is "foreign." *See, e.g.*, *Paynter v. ProAssurance Wis. Ins. Co.*, 929 N.W.2d 113, 116 & n.2, 120–25 (Wis. 2019) (discussing Wisconsin's borrowing statute, albeit in tort context); *Abraham v. Gen. Cas. Co. of Wis.*, 576 N.W.2d 46, 48 (Wis. 1998). This removes an incentive plaintiffs might have to forum shop for a more favorable limitations period. *See Guertin v. Harbour Assurance Co. of Berm., Ltd.*, 415 N.W.2d 831, 835 (Wis. 1987). It also eliminates the need for complicated conflict-of-law analysis when deciding whether a cause of action is timely. *See id.* at 834.

A contract cause of action is "foreign" under Wisconsin law if "the final significant event giving rise" to the cause of action occurred outside Wisconsin. *Abraham*, 576 N.W.2d at 48. In *Abraham*, which first extended the application of § 893.07 to contract claims, the Wisconsin Supreme Court

adopted the "final significant event" test because it was "persuaded by the reasoning employed in" *Terranova v. Terranova*, 883 F. Supp. 1273 (W.D. Wis. 1995). *Abraham*, 576 N.W.2d at 53. In *Terranova*, the federal district court considered how to apply § 893.07 in a breach of contract suit between California plaintiffs and Wisconsin defendants. *See* 883 F. Supp. at 1275. The plaintiffs demanded indemnification from the defendants, who rejected the request. *Id.* at 1276. The district court determined that the alleged breach occurred in Wisconsin where the defendants rejected the demand for indemnification. *Id.* at 1281. The claim was therefore not a foreign cause of action under § 893.07 and was subject to Wisconsin's statute of limitations. *Id.*

Relying on *Terranova*, the Wisconsin Supreme Court concluded much the same in *Abraham*. There, a motorist sued an insurance company for benefits. *See Abraham*, 576 N.W.2d at 48. The company's refusal to pay occurred in Wisconsin, so the court ruled the claim was not foreign. *See id.* at 53. The court reasoned that the final significant event in a contract claim is the breach, noting that the parallel event in tort actions is the "place of injury" because a "tort is not complete till the victim is injured." *See id.* at 53–54. In *Abraham* the Wisconsin high court rejected the tort "place of injury" test for contract claims. *Id.* at 52–53. It highlighted this court's prescient caution that "'in the case of a dispute over a contract, whose "location" is not easily pinned to a particular state[,]'" it is difficult to determine where the injury occurred. *Id.* at 51 (citing *Johnson v. Deltadynamics, Inc.*, 813 F.2d 944, 946 (7th Cir. 1987)). The court also rejected another theory, the "significant contacts" or "center of gravity" test. *Id.* at 51–53. Under that test, courts would look to the totality of the circumstances to decide whether a contract action was foreign. *See id.* at 55

(A.W. Bradley, J., concurring). The majority in *Abraham* called that test "particularly inappropriate" and against the policy of Wisconsin's borrowing statute. *Id.* at 53.

Though *Abraham* established the "final significant event" test for § 893.07 and resolved several issues, other issues were left open, as noted in the concurrence. *Compare id.* at 54 n.7 *with id.* at 55 (A.W. Bradley, J., concurring). Those issues raised questions for future cases with more challenging facts than in *Abraham*. Does a breach occur in the state: where the breaching party is located; where the injured party resides; where the contract was negotiated or purchased; or where the breach was communicated? *See id.* at 55 (A.W. Bradley, J., concurring).

Since *Abraham* other decisions applying Wisconsin law have spoken to some of these questions. For example, *Ristow v. Threadneedle Insurance Co.*, 583 N.W.2d 452 (Wis. App. Ct. 1998), addressed facts like those in *Abraham*. The Wisconsin Court of Appeals considered whether the final significant event in a contract claim was the nonreceipt of a settlement check in Wisconsin or the refusal to issue the check in South Carolina. *See Ristow*, 583 N.W.2d at 453. The court held that it was the latter. *See id.* at 455.

Also in *Edgewood Manor Apartment Homes LLC v. RSUI Indemnity Co.*, No. 08–C–0920, 2010 WL 11492420 (E.D. Wis. March 8, 2010), the Eastern District of Wisconsin federal court reiterated that the final significant event for a contract claim is the breach. That court located the breach where a duty is rejected or not followed. *See id.* at *4–5.

Both parties here discuss another federal district court decision, *Haley v. Kolbe & Kolbe Millwork Co.*, No. 14-cv-99, 2015

WL 3774496 (W.D. Wis. June 16, 2015), which built on *Abraham*.[2] There, the Western District of Wisconsin federal court considered whether breach of warranty claims brought by three sets of plaintiffs, residing in Michigan, Pennsylvania, and Ohio, were subject to the statute of limitations of the plaintiffs' respective home states or Wisconsin. *See Haley*, 2015 WL 3774496 at *7. The claims concerned the defendant's "no defect express warranty," which guaranteed the plaintiffs that the windows they purchased from the defendant would remain "free from defects" for ten years after purchase. *Id.* at *5. In Wisconsin, such warranty claims had a six-year statute of limitations, but in each of the plaintiffs' home states a four-year limitations period applied. *Id.* at *6. The district court found that the final significant event was the failure of the windows in the plaintiffs' home states. *Id.* at *7. The claims were therefore "foreign" under Wisconsin's borrowing statute, and the shorter four-year statutes of limitations of the plaintiffs' home states applied to the claims. *Id.*

In sum, these decisions teach that the final significant event occurs where a contractual duty is breached: for example, where the insurance company improperly rejected coverage, *see Abraham*, 576 N.W.2d at 53 and *Ristow*, 583 N.W.2d at

---

[2] As district court decisions neither *Haley* nor *Edgewood Manor* bind our court. They are even less helpful as unpublished decisions and when reviewing state law under federal diversity jurisdiction. But we may consider these authorities. *See, e.g., Green Plains Trade Grp.*, 90 F.4th at 921, 927–29 (reminding that in diversity cases "we must apply state law as we believe the highest court of the state would apply it"). As described above, the Wisconsin Supreme Court has cited and relied on the reasoning of federal district court opinions, including *Terranova* in *Abraham*, on the question in this case. *See Abraham*, 576 N.W.2d at 53.

455, or where the nonconforming goods were delivered, *see Haley*, 2015 WL 3774496, at *7.

**B**

Before considering where the breach occurred in this case, we address a theory RCBA raised at oral argument. Rather than the place of breach, RCBA contends the damages—which occurred in Florida (RCBA's home) and elsewhere where the defective product was delivered—are the final significant event. Damages are the last legal element of a contract claim. *See Pagoudis v. Keidl*, 988 N.W.2d 606, 612 (Wis. 2023); Wis. JI–Civil 3710, Consequential Damages for Breach of Contract (2018). But they are not the final significant event for Wisconsin courts interpreting § 893.07. Even the concurrence in *Abraham*, while questioning the narrow scope of the majority's holding, did not consider the site of the damages as the location for evaluating whether a cause of action was foreign. *See* 576 N.W.2d at 55 (A.W. Bradley, J., concurring). We follow the Wisconsin Supreme Court's holding that the final significant event for a claim of breach of contract or of implied warranties is where the breach occurred. *See id.* at 53–54.

We turn now to the facts of this case. RCBA alleges that ProAmpac provided defective products that breached its contract, the implied warranty of fitness for a particular purpose, and the implied warranty of merchantability. To decide whether those claims are foreign, we look to where the breach occurred. The district court found the breach occurred where the fillers received delivery of the pouches which split open, in New York or Texas.

RCBA argues the district court incorrectly placed weight on when and where RCBA first noticed or discovered the

breach. RCBA contends it did not discover the breach in New York or Texas where the fillers were located, but in Florida where it was "at home." In the alternative, RCBA says that there is no way to tell whether the discovery of the breach occurred in New York, Texas, or anywhere the pouches were delivered and that it would be nonsensical for a customer or other party's notice of the defect to be the final significant event in a contract claim.

These arguments do not track the district court's findings. That court defined the final significant event as the breach, which is the delivery of a defective product. That court did not, and we do not, consider where customers received the defective product, when the plaintiff discovered the breach, or who first noticed the defective product. Neither discovery nor notice are relevant to the final significant event analysis. Under Wisconsin case law, the breach is what matters. Our research did not yield a Wisconsin opinion (or federal decision applying Wisconsin law) that has sought to identify the final significant event by examining notice and discovery. Such a test would run counter to an objective of the Wisconsin borrowing statute to discourage forum shopping. The Wisconsin Supreme Court has emphasized the importance of this objective in interpreting its borrowing statute. *See, e.g.*, *Guertin*, 415 N.W.2d at 835 (noting one of the reasons the Wisconsin legislature enacted the borrowing statute was to "reduc[e] forum shopping"). If notice or discovery were the test, a company could wait to file suit until it was notified in a particular state. Or a company seeking application of a particular state's laws could allege certain facts related to that state to show notice or discovery in that state.

Next, RCBA asks us to consider that the only connection it and its contract claims have to New York and Texas is that third parties "first saw the defects" there. Whether a party was "at home" in the jurisdiction whose law applies does not matter under Wisconsin's borrowing statute. The Wisconsin Supreme Court rejected a contacts-based test in *Abraham*. 576 N.W.2d at 52 (disagreeing with the lower court's use of the "significant contacts" test to decide whether a cause of action was foreign and what state's law applied under Wisconsin's borrowing statute). Per Wisconsin's "final significant event" test, the correct inquiry is the location of the breach, not the location of notice, discovery, or significant contacts.

Here, the final significant event, the alleged breach, occurred where ProAmpac delivered product to its contracted destinations, RCBA's fillers in New York and Texas. Later sales of the allegedly defective product are unnecessary to establish a breach. And focusing on the location of those later sales and defects noticed by customers does not aid our analysis. *Abraham* confirms this. There, the Wisconsin Supreme Court explained that it adopted the final significant event test, rather than the place of injury test, in part because "it is frequently difficult to attach the plaintiff's contractual 'injury' to any one locale." *See* 576 N.W.2d at 53. Instead, for contract claims, courts should look at the location of the breach. *See id.* So, the claims are "foreign" causes of action for purposes of Wisconsin's borrowing statute, and the New York or Texas statute of limitations apply.

We turn next to the applicable statute of limitations for the foreign claims. Pursuant to § 893.07, the shortest statute of limitations among Wisconsin, New York, or Texas applies. Wisconsin's statute of limitations for breach of contract is six

years. WIS. STAT. § 402.725(1) ("An action for breach of any contract for sale must be commenced within 6 years after the cause of action has accrued."). New York's and Texas's is four years. N.Y. U.C.C. LAW § 2-725(1) ("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."); TEX. BUS. & COM. CODE ANN. § 2.725(a) ("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."). So, RCBA's contract claims are governed by the shorter four-year limitations periods in New York and Texas. *See* WIS. STAT. § 893.07.

RCBA's breach of contract claim alleges that the breach occurred upon delivery of the defective pouches. More detail is provided in RCBA's allegations that ProAmpac breached implied warranties of fitness for a particular purpose and of merchantability when—beginning "in about July 2017 and continuing into 2018"—ProAmpac delivered the defective pouches to RCBA's New York and Texas filling centers. RCBA filed this action in 2023.

Therefore, looking to the dates RCBA alleges in its complaint and giving RCBA the benefit of the latest date it alleges, the four-year statute of limitations began accruing sometime in 2018. The district court concluded the same, and RCBA does not dispute this conclusion. Because delivery thus occurred in 2018, more than four years before RCBA filed this action in 2023, all three of RCBA's contract claims are time-barred.

## IV

RCBA also moved to reconsider the district court's ruling, contending that the contract statute of limitations of Florida

or Wisconsin, not of New York or Texas, should apply. That argument raised at the motion to dismiss stage fails under the less deferential de novo standard for the reasons explained above. So too, it fails under the abuse of discretion standard, and we need not review it again here.

RCBA further submits that its claims would have survived if the court had applied various state-law equitable doctrines. Because the district court found that the Florida statute of limitations governed RCBA's negligence claim, RCBA maintains that Florida's equitable doctrines should also apply. Likewise, because the district court found that New York and Texas limitations periods governed RCBA's contract claims, RCBA contends those states' equitable doctrines should apply. On this point, more fundamentally RCBA argues that the district court erred by applying New York's and Texas's law to its contract claims, and instead that they should be governed by Florida's statute of limitations and equitable doctrines.

But these arguments to apply state equitable doctrines were not included in RCBA's response to the motion to dismiss. A party may not raise an argument for the first time in a motion for reconsideration. *See Baker v. Lindgren*, 856 F.3d 498, 503 (7th Cir. 2017) ("The district court correctly noted that arguments raised for the first time in a motion to reconsider are waived."); *In re Outboard Marine Corp.*, 386 F.3d 824, 828 (7th Cir. 2004) (noting that a party waives arguments by not raising them until the motion for reconsideration). So these arguments are waived.

Attempting to persuade us otherwise, RCBA says that the primary argument at the motion to dismiss stage was about personal jurisdiction, so it need not have briefed supplemental issues (like the state equitable doctrines) until the

district court issued an order. Put another way, RCBA reasons that it did not need to raise the state equitable doctrines until the district court placed those doctrines at issue by finding that some of RCBA's claims were foreign and barred by other states' statutes of limitations.

The record does not support that reasoning. The briefs on the motion to dismiss discussed the application of foreign statutes of limitations in addition to personal jurisdiction. RCBA could have responded to those arguments with potential state equitable defenses. A motion to reconsider is not a vehicle to supplement arguments not included at the motion to dismiss stage, as this court has held numerous times. *See Baker*, 856 F.3d at 503; *In re Outboard Marine Corp.*, 386 F.3d at 828.

\* \* \*

RCBA's claims are foreign under Wisconsin's borrowing statute and are either time-barred under other states' limitations periods or otherwise precluded. And RCBA's arguments about equitable doctrines cannot be raised for the first time in its motion to reconsider. For these reasons, we AFFIRM the district court.